**Affirmed and Memorandum Opinion filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01118-CR
_____

**GARY LYNN ELLIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1261760**

## MEMORANDUM OPINION

Appellant Gary Lynn Ellis challenges his conviction for possession of a prohibited weapon, claiming in a single point that the trial court abused its discretion by denying appellant's motion for directed verdict. We review this challenge as a challenge to the legal sufficiency of the evidence to support his conviction. We affirm.

On the morning of May 4, 2010, members of the Gulf Coast Violent Offenders Fugitive Task Force arrived at appellant's home to serve a felony warrant. When they first approached the house, officers saw the "butt stock" of a weapon on a table to the left of the door. Because they heard a dog, officers backed off and waited for animal control. After animal control arrived, officers approached the house again. At that time, the lights in the house were off, the weapon was no longer on the table, and the television had been turned off. The officers knocked and announced, but appellant refused to open the door. The officers forced entry and apprehended appellant. In securing the house, the officers saw ammunition for handguns and rifles, but no weapons except for the one they had seen at the door. They also smelled marijuana and saw what they suspected was counterfeit United States currency. The officers contacted the Secret Service, and obtained a search warrant.

When the officers returned with the search warrant, the Secret Service had arrived. As one officer observed the Secret Service searching a garbage bag, he noticed several pieces of wire and clothespins. He later determined that these were the makings of a trip wire for a bomb. In searching the house, officers found what they described as a "trip wire," gunpowder, pellets, and adhesive tape, all of which appeared to be homemade bombs. The officers also found marijuana seeds and a book entitled, *More Forbidden Knowledge*, which one officer described as an "anarchist cookbook." When the officers discovered these items, they evacuated the house and contacted the bomb squad.

When the Harris County Bomb Squad arrived, officers investigated the items found by the task force. There were spheres, which contained black powder, BBs, and paper with a fuse. One bomb squad technician testified that if the fuse were lit, the ball would explode and the BBs would "launch out of that ball at a high rate of speed causing some type of fragmentation, which could cause serious bodily injury and property damage and possibly death." The bomb squad technician also testified that the trip wire device was most likely used as a "booby trap," commonly used in places where drugs are sold or made.

2

The homemade explosives were active devices, capable of causing severe damage if detonated close to an individual.

Appellant was convicted by a jury of possession of a prohibited weapon and sentenced to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court denied appellant's motion for directed verdict.

In a single issue appellant challenges the trial court's ruling. On appeal, we review appellant's point as a challenge to the sufficiency of the evidence to support his conviction. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether a rational fact-finder could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant was charged with knowingly possessing an explosive weapon. *See* Tex. Penal Code Ann. § 46.05(a)(1). Appellant contends the evidence is insufficient to prove the devices found were explosive weapons.

> "Explosive weapon" means any explosive or incendiary bomb, grenade, rocket, or mine, that is designed, made, or adapted for the purpose of inflicting serious bodily injury, death, or substantial property damage, or for the principal purpose of causing such a loud report as to cause undue public alarm or terror, and includes a device designed, made, or adapted for delivery or shooting an explosive weapon.

Tex. Penal Code § 46.01(2).

Appellant argues the State failed to prove the spheres were capable of inflicting serious bodily injury or death. Two bomb technicians testified that the spheres contained gunpowder, BBs, and paper that had been formed into a fuse. The bombs were designed to build pressure, detonate with the gunpowder, and expel the BBs at a high rate of speed causing serious bodily injury or death. In addition to the homemade bombs, officers

3

found trip wires in appellant's home. One of the bomb technicians testified that trip wires were commonly used as "booby traps" to injure potential intruders.

Viewing the evidence in the light most favorable to the verdict, we hold a rational trier of fact could have found the spheres to be explosive weapons that were designed, made, or adapted for the purpose of inflicting serious bodily injury, death, or substantial property damage. *See Jackson*, 443 U.S. at 319; *Lawrence v. State*, 169 S.W.3d 319, 327–28 (Tex. App.—Fort Worth 2005, pet. ref'd). Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).